UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BYRON ACQUISITION, LLC,

        Plaintiff,                                      Hon. Janet T. Neff

v.                                                    Case No. 1:10 CV 608

PAUL JAY VAN PORTFLIET, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Plaintiff's Motion to Remand</u>. (Dkt. #6). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **granted** and this matter **remanded to state court**. The undersigned further recommends that Defendants be ordered to pay to Plaintiff attorney fees as detailed herein.


## BACKGROUND

On or about March 9, 2010, Plaintiff initiated an action in Kent County Circuit Court to obtain enforcement of a note and mortgage. (Dkt. #1, Exhibits 1-2). On May 21, 2010, the Honorable Christopher Yates entered against Defendants a Default Judgment and Order of Foreclosure. (Dkt. #1, Exhibit 4). On June 28, 2010, Defendants removed the matter to this Court. (Dkt. #1). Plaintiff now moves to remand the matter to state court. Defendants have failed to respond to Plaintiff's motion.

## ANALYSIS

Defendants have removed this matter to this Court pursuant to 28 U.S.C. § 1443(1). This particular statute provides as follows:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

The purpose of this provision is to "allow[] removal to address the violation of a right to racial equality that is unenforceable in state court." *Kansas v. Morrison*, 242 Fed. Appx. 590, 592 (10th Cir., Aug. 2, 2007) (quoting *Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005)). The United States Supreme Court long ago articulated a two-part test applicable to removal petitions filed under 28 U.S.C. § 1443. As the Court, in *Johnson v. Mississippi*, 421 U.S. 213 (1975), held:

> First, it must appear that the right allegedly denied the removal petitioner arises under a federal law "providing for specific civil rights stated in terms of racial equality." Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1).
>
> Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is "denied or cannot enforce" the specified federal rights "in the courts of (the) State." This provision normally

> requires that the "denial be manifest in a formal expression of state law,"
> such as a state legislative or constitutional provision, "rather than a denial
> first made manifest in the trial of the case."

*Id.* at 219 (internal citations omitted); *see also, Conrad v. Robinson*, 871 F.2d 612, 614-15 (6th Cir. 1989); *Westfield Club v. Dominique*, 2007 WL 2904051 at *3 (W.D. Mich., Oct. 1, 2007); *Chandler v. Hansen*, 2010 WL 2790530 at *3 (D. Ariz., July 14, 2010); *Morrison*, 242 Fed. Appx. at 592.

Defendants satisfy neither of these requirements. Moreover, the Court discerns no other basis on which this matter may properly be removed to this Court. Plaintiff's state court complaint asserts no claim over which this Court has original jurisdiction and Defendants are citizens of Michigan, the state in which Plaintiff's state court action was initiated. *See* 28 U.S.C. § 1441. Moreover, to the extent that Defendants are attempting to challenge in this Court the result of the state court proceeding, the Court lacks jurisdiction over such. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Defendants bear the burden to establish that removal is appropriate and "all doubts resolved in favor of remand." *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006). Defendants have failed to meet their burden.

Furthermore, even if the Court assumes that removal of this matter is appropriate, Defendants failed to timely remove the matter to this Court. *See* 28 U.S.C. § 1441(b) (providing that "[t]he notice of removal. . .shall be filed within thirty days after the receipt by the defendant. . .of a copy of the initial pleading"). Defendants were served with a copy of the summons and complaint on March 13, 2010, making their June 28, 2010 removal to this Court untimely.

Finally, Plaintiff requests that sanctions be imposed on Defendants. Federal law provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Sixth Circuit

has indicated that such fees and costs should be denied "when an objectively reasonable basis exists" for the removal. *Warthman v. Genoa Township Board of Trustees*, 549 F.3d 1055, 1060 (6th Cir. 2008). The *Warthman* court further stated, however, that

> On the other hand, in cases where the removal was not objectively reasonable or, in the words of this court, where the removal attempt was not "fairly supportable," the district court may exercise its discretion to award fees or not, keeping in mind the underlying purposes of § 1447(c) awards and the general presumption that fees should be awarded under such circumstances.

*Id.* at 1060-61.

The Court finds that there exists no "objectively reasonable" or "fairly supportable" basis for Defendants to have removed this case to this Court. Defendants did not remove the matter until after a final judgment had been entered against them in the state court and the alleged basis for removal is without merit. Moreover, Defendants did not remove this matter until well after the deadline for doing so had passed. Defendants have not responded to Plaintiff's motion to remand and, therefore, have failed to overcome the presumption that fees and costs should be awarded in this matter. Plaintiff asserts that in direct response to the removal of this matter, it incurred attorney fees in the amount of five thousand two hundred twenty-three dollars and seventy-five cents ($5,223.75). (Dkt. #10). The Court finds such costs to be reasonable and appropriate. Accordingly, the Court recommends that Defendants be ordered to pay such amount to Plaintiff.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion to Remand, (dkt. #6), be **granted** and this matter **remanded to the Kent County Circuit Court**. The undersigned further recommends that Defendants be ordered to pay five thousand two hundred twenty-

three dollars and seventy-five cents ($5,223.75) in attorney fees to Plaintiff no later than a date to be established by the Honorable Janet T. Neff.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: August 26, 2010   /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge